**Avtar SINGH, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 10–71645.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 4, 2014.

Filed June 12, 2014.

William Frick, Law Office of William Frick, Seattle, WA, for Petitioner.

susan Bennett Green, Trial, Oil, DOJ–U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: McKEOWN and WATFORD, Circuit Judges, and ROTHSTEIN, Senior District Judge.*

---

\* The Honorable Barbara Jacobs Rothstein, Senior District Judge for the U.S. District Court for the Western District of Washington, sitting by designation.

**MEMORANDUM** \*\*

Avtar Singh petitions for review of the Board of Immigration Appeals' (BIA) decision affirming the Immigration Judge's (IJ) denial of asylum, withholding of removal, and protection under the Convention Against Torture. He appeals only the denial of his asylum claim.

The IJ's adverse credibility determination is supported by substantial evidence. Singh testified inconsistently about whether he was engaged in any political activity after his arrest in 1991, as well as the nature and scope of any such political activity. He was also unable to adequately explain the apparent inconsistency in his whereabouts during the nine-month period following his arrest. As the BIA correctly concluded, these inconsistencies about his whereabouts and whether he engaged in further political activities after his arrest go to the heart of his claim. *See Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001). On the basis of this record, a reasonable factfinder would not be compelled to conclude that Singh testified consistently and credibly regarding events central to his asylum claim. *See INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

**PETITION FOR REVIEW DENIED.**

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.